(May 27, 2014)

■ In the Matter of KAMEISA RICHARDS, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [985 NYS2d 574]—

Judgment, Supreme Court, New York County (Lucy Billings, J.), entered July 5, 2012, to the extent appealed from as limited

by the briefs, denying respondents' cross motion to dismiss the petition to annul petitioner teacher's unsatisfactory annual performance rating (U-rating) for the 2009-2010 school year, granting the petition to annul the U-rating, and remanding the proceeding to respondents for a new determination of her rating for that year, unanimously reversed, on the law, without costs, respondents' cross motion granted, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed. The Clerk is directed to enter judgment accordingly.

Petitioner was a probationary teacher who took over a class in the second week of November 2009, during her second year of teaching. The principal issued a year-end U-rating based on facts indicating a lack of progress toward implementing suggestions to improve the teaching and learning environment, along with a view that petitioner inherited a well-managed class without instructional and disciplinary concerns, which deteriorated under petitioner's leadership.

Under the circumstances presented, we find that the court erred in annulling petitioner's U-rating. Petitioner failed to demonstrate that the U-rating was arbitrary and capricious, or made in bad faith. The record shows a rational basis for the conclusion that petitioner's performance was unsatisfactory, as evidenced by the three formal classroom observation reports describing petitioner's poor performance in class management and engagement of students (*see Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576 [1st Dept 2011]). While petitioner asserts that she did not receive any mandatory pre-observation conferences before any of her classroom observations, she has not established that the U-rating was made in violation of a lawful procedure or substantial right (*see Matter of Cohn v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 102 AD3d 586, 587 [1st Dept 2013]).

Petitioner alleges that she was never provided a curriculum or a professional development plan, that the school's administration did not help her manage the class's continued disciplinary problems, and that no member of the administration modeled lesson plans for her. Notwithstanding, the record established that petitioner received professional support and that she had not sufficiently progressed during the year. Respondents conducted three classroom observations; petitioner received unsatisfactory ratings as to the last two. Each observation report detailed areas of improvement and made specific recommendations for addressing the deficiencies. Further, petitioner was sent to professional development sessions after she received her first unsatisfactory report. Nevertheless, the same instructional

deficiencies continued to appear in the following observation report. These results indicated that petitioner had not implemented the recommendations for improvement. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ. 